**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4797**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

KENYATTA AHMAD BROWN,

        Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, Chief District Judge. (2:07-cr-00860-DCN-1)

Submitted: April 9, 2010           Decided: May 18, 2010

Before TRAXLER, Chief Judge, and DUNCAN and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Joseph Condon, Jr., North Charleston, South Carolina, for Appellant. W. Walter Wilkins, United States Attorney, Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenyatta Ahmad Brown appeals his conviction after entering a conditional guilty plea to using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006), and possession with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(B) (2006). On appeal, Brown contends that the district court erred in denying his motion to suppress evidence of the firearms and cocaine base, because the traffic stop at which the evidence was obtained violated the Fourth Amendment. We affirm.

When considering a district court's ruling on a motion to suppress evidence, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). The district court concluded that police had probable cause to stop the vehicle in which Brown was a passenger based on a violation of South Carolina's motor vehicle law requiring every driver and occupant of a motor vehicle while it is being operated to wear a fastened safety belt. On appeal, Brown contends there was no probable cause for the traffic stop "because the basis of the stop was not criminal and no traffic violations had occurred." We disagree. Because police had probable cause to believe that a violation of the state's motor vehicle law had occurred, the

investigatory stop was lawful.  See Arizona v. Johnson, 129 S. Ct. 781 (2009); Whren v. United States, 517 U.S. 806 (1996).

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED